adfadfadUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05921-JAK-MBK | Date | July 1, 2025 |
|---|---|---|---|
| Title | Rovier Carrington v. Warden Birkholz | | |

Present:  Hon. Michael B. Kaufman, U.S. Magistrate Judge

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner: | Attorneys for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**   ORDER FOR PETITIONER TO SHOW CAUSE WHY HIS PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST

   1.  This is a federal habeas corpus proceeding. On June 27, 2025, Petitioner, Rovier Carrington, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The filing fee is paid in full. Dkt. 1. Petitioner argues that the Bureau of Prisons has improperly calculated his time credits, which Petitioner contends he has earned under the First Step Act. *Id.* at 6. Petitioner requests the Court order the Bureau of Prisons to calculate Petitioner's time credits and transfer him to community custody. *Id.* Petitioner argues that if his time credits were calculated accurately, he should be eligible for transfer to community confinement on July 5, 2025. *Id.* at 11.

   2.  The Court conducted a preliminary review of the petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), *see also* Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). It appears that Petitioner did not exhaust his administrative remedies for the claim raised in this petition. Dkt. 1 at 3-5. The administrative remedy program for federal inmates seeking "formal review of an issue relating to

adfadfadUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05921-JAK-MBK | Date | July 1, 2025 |
|---|---|---|---|
| Title | Rovier Carrington v. Warden Birkholz | | |

any aspect of his/her confinement" involves four steps: (1) presenting an issue of concern informally to staff, *see* 28 C.F.R. § 542.13(a); (2) submitting a formal request for administrative remedies to a facility's warden, *See* 28 C.F.R. § 542.14(a); (3) appealing to the appropriate Regional Director, *See* 28 C.F.R. § 542.15(a); and (4) appealing to the BOP's General Counsel, *See Id*.

   3. While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

   4. Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045. Petitioner bears the burden to demonstrate that exhaustion would be futile. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011).

   5. The Petition indicates that Petitioner did not pursue administrative remedies prior to filing this action. Dkt. 1 at 2. Petitioner does not explain why he has not exhausted his administrative remedies, ask the Court to excuse his failure to exhaust his administrative remedies, or otherwise provide any basis for waiving the requirement.

adfadfadUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05921-JAK-MBK | Date | July 1, 2025 |
|---|---|---|---|
| Title | Rovier Carrington v. Warden Birkholz | | |

Accordingly, the Court will provide Petitioner an opportunity to clarify the status of the exhaustion of his administrative remedies. Petitioner is ordered to file a response to advise the Court that:

    A. Petitioner *has* exhausted his administrative remedies and how he did so, consistent with the processes described in paragraph 4 of this Order; OR

    B. Petitioner requests the Court waive Petitioner's failure to exhaust his administrative remedies, consistent with the standards in paragraphs 2-3 of this Order.

The Court **ORDERS** Petitioner to file a response **by no later than August 1, 2025**. **Petitioner is warned that failure to the failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

\*\*\*

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

    1.    All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

    2.    Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

    3.    Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable.

adfadfadUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05921-JAK-MBK | Date | July 1, 2025 |
| Title | Rovier Carrington v. Warden Birkholz | | |

The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

    4.    After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

    5.    At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

***Failure of a pro se Party to Keep Court Apprised of Current Address:* A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**